VANN et al. v. GEORGE et al. (No. 7680.)

(Court of Civil Appeals of Texas. Dallas. Jan. 20, 1917.)

1. RECORDS ⬤⟿18(9)—LOST RECORDS—SUFFICIENCY OF EVIDENCE OF TITLE.

In trespass to try title, a finding of title is sustained where the place of a missing deed dated in 1837 was supplied by proof that it was recorded in a county whose records were subsequently burned.

[Ed. Note.—For other cases, see Records, Cent. Dig. § 40; Dec. Dig. ⬤⟿18(9).]

2. APPEAL AND ERROR ⬤⟿204(3)—QUESTIONS PRESENTED FOR REVIEW — LIMITATION BY RECORD.

Whether a record of one county of the certified copy of a deed taken from the records of another county is admissible is not raised where no objection was made to its introduction or upon ground that no proper foundation had been laid therefor.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1262, 1263; Dec. Dig. ⬤⟿ 204(3).]

3. DEEDS ⬤⟿199—TRIAL ⬤⟿105(5)—ADMISSIBILITY OF EVIDENCE—PREDICATE — FAILURE TO OBJECT.

The existence and execution of a deed may be proved by circumstances where proper predicate is made or where no objection is made that such predicate is lacking.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 595–600; Dec. Dig. ⬤⟿199; Trial, Cent. Dig. § 265; Dec. Dig. ⬤⟿105(5).]

4. APPEAL AND ERROR ⬤⟿854(2) — SCOPE OF REVIEW—CORRECT DECISION BUT ERRONEOUS REASONING.

In trespass to try title, judgment for plaintiff who deraigned title from the state will be affirmed, although the trial court erroneously based its decision upon the ground that the par-

ties claimed under a common grantor, and that defendant's deed from such grantor was forged.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3408–3410; Dec. Dig. ⊜ 854(2).]

Appeal from District Court, Freestone County; A. M. Blackmon, Judge.

Trespass to try title by T. E. George and others against W. T. Vann and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Boyd & Bell, of Teague, for appellants. Alex. C. Bullitt, of San Antonio, for appellees.

TALBOT, J. This is an action of trespass to try title brought by the appellees, T. E. George and others, to recover of appellants, W. T. Vann and others, 958 acres of land, a part of what is known as the Gertrudas Diaz league and labor survey, situated in Freestone county, Tex. The land was patented to James F. Johnson, assignee of the said Diaz, the 6th day of October, 1847. J. O. Hawkins, one of the plaintiffs, having died, his surviving wife, for herself and as next friend for her minor children, made herself a party to the suit. Defendants answered by a general denial and plea of not guilty. They also filed the affidavit of one of their attorneys charging that a conveyance bond for title purporting to have been executed by the said James F. Johnson for the land in controversy to Thomas T. Bailey, which forms a link in plaintiff's chain of title, was a forgery. One of the muniments of the defendants' title was a deed from Hugh F. McKenna to W. P. Jackson, dated March 3, 1851, and plaintiffs filed an affidavit attacking said deed as a forgery.

The case was tried by the court without a jury, and judgment rendered in favor of the plaintiffs for a recovery of the land sued for, with writ of possession, to which judgment defendants excepted and perfected an appeal to this court.

The court filed the following conclusions of fact and law:

## "Findings of Fact.

"I. The defendants were naked trespassers, without title, and were in possession of the land sued for.

"II. The land in controversy was patented by the state of Texas to James F. Johnson, assignee of Gertrudas Diaz, the original grantee, on the 6th day of October, A. D. 1847.

"III. The plaintiffs, and those under whom they claim, have asserted title and exercised the acts of ownership of the land in controversy, such as the payment of taxes, defending suits, making conveyances thereof, etc., for a period of more than 60 years, claiming the same all the while under an executory sale for bond for title executed by the said James F. Johnson to one Thomas T. Bailey, dated October 18, 1837, some ten years prior to the issuance of the patent to the said James F. Johnson. There has been during all the while no adverse claim, or assertion of claim, on the part of James F. Johnson or his heirs to the land in controversy.

"IV. One Hugh F. McKenna was shown to be the common source of title of plaintiffs and defendants. Plaintiffs having attacked by affidavit of forgery the purported conveyance from said Hugh F. McKenna, under which the defendants claimed, and it appearing on its face to have been acknowledged before an officer not authorized at that time to take acknowledgments, and its execution not having been proven, I find as a fact that the instrument was forged, and that plaintiffs hold a superior title under such common source.

## "Conclusions of Law.

"I. From the long and continued claim, and acts of ownership thereunder by plaintiffs, I conclude that the conveyance from James F. Johnson to Thomas T. Bailey may be presumed, and that same was and is sufficient to pass title, and entitle plaintiffs to recover herein as against naked trespassers.

"II. That the plaintiffs, as the holders of the superior title under a common source, are entitled to recover herein.

"III. That under the testimony herein the plaintiffs are entitled to judgment for the land sued for."

The appellants present five assignments of error in their brief, complaining of certain of the court's findings of fact and conclusions of law, and appellees object to a consideration of any of said assignments on the ground that they are not briefed in accordance with the rules. The assignments are, perhaps, subject to some criticism in this respect, but they are sufficient to direct "the attention of the court to the error complained of," and will be considered.

The first assignment of error is to the effect that the trial court erred in finding, as shown by the third paragraph of his conclusions of fact, that the plaintiffs, and those under whom they claim, have asserted title and exercised acts of ownership over the land in controversy, such as the payment of taxes, defending suits, making conveyances thereof, etc., for a period of more than 60 years, claiming the same all the while under an executory sale for bond for title executed by James F. Johnson to Thomas T. Bailey, dated October 18, 1837, during which time no adverse claim was set up by the said Johnson or his heirs. The contention, in effect, is that under the facts and the law applicable in such case the court was not warranted in making such findings. One of the plaintiffs' attorneys made and filed in the case an affidavit asserting that the original bond for title here referred to had been lost or mislaid; that plaintiffs had never seen it and did not know where it was, and offered in evidence the record in Freestone county of a certified copy of said bond for title taken from the records of such instruments in Limestone county. The certificate of the clerk of Limestone county, Tex., showing the registration of said bond for title in that county, and forming a part of the transcript recorded in Freestone county, Tex., is as follows:

"I, G. W. Johnson, clerk of the county court for Limestone county, do hereby certify that the foregoing is a true transcript of the original deed certificate of acknowledgment thereof as filed in my office for record on the 4th day of March, A. D. 1854, and was duly recorded the same day

in record Book C at pages 257 and 258. Given under my hand and official seal at office in Springfield this March 4, A. D., 1854. G. W. Johnson. Clerk."

W. M. Jackson was one of the witnesses to the execution of the bond for title, and sought to prove its execution before J. A. Laughmayd, deputy clerk in and for Harrisburg county, Tex., for registration. It is asserted in the brief of appellants, in presenting their foregoing assignment of error, that appellants objected to the introduction of the record of Freestone county, referred to, and that the objections urged were sustained, but aside from this assertion no such action appears. It is stated in the statement of facts, in substance, that said record was offered by appellees' attorney, in connection with the other testimony in the case as a circumstance to show the execution of the bond for title under which appellees claim, and that appellants' counsel stated that he had no objection to its introduction for that purpose. The said record was then admitted and forms a part of the statement of facts sent to this court. By deed dated February 19, 1859, Thomas T. Bailey conveyed to Geo. W. Paschal a part of the land patented James F. Johnson as assignee of Gertrudas Diaz, situated in Freestone county, Tex. This deed was recorded the 18th day of March, 1859, and refers to former sales made by Bailey of parts of said survey to Jesse Cowart and William Allen. Thereafter, on June 21, 1859, the said Bailey executed a deed of trust to Chauncy B. Sabine, as trustee, on his interest in a league and labor of land granted to James F. Johnson as assignee of Gertrudas Diaz, situated in Freestone county, Tex., to secure the firm of C. Ennis & Co. in the payment of a debt due by said Bailey to said firm. This deed of trust recites that the said Bailey's interest in the said Diaz survey is about 2,557 acres, and that same was conveyed to him by the said James F. Johnson by deed dated October 18, 1837. In April, 1867, George K. Ennis was appointed substitute trustee under said deed of trust, and in July of that year by deed conveyed the land described in said deed of trust to C. Ennis. Then by regular muniments of title the land was transferred and passed to the appellees. What became of the original bond for title or deed given Thomas T. Bailey by James F. Johnson, dated October 18, 1837, after it was recorded in Limestone county, does not definitely appear. The witness R. N. Compton, offered by the appellees, testified however, among other things, in substance, that since his retirement from the county clerk's office of Freestone county in 1888 he had been engaged in the abstract business; that he heard and understood that the records of Limestone county were destroyed by fire in 1871; that such "was the general representation." He said:

"I learned that from being an abstractor and a man of affairs in this county."

He further said:

"As to how long I have been looking after the land in controversy, my recollection is that in 1906 I first began to look into this. I represented the Paschals. Since that time I have, to a certain extent, looked after it until I disposed of it and sold it. I know they paid taxes on it since I have had anything to do with it. I don't know that they have paid taxes on it down to now. I could not say since I disposed of it. I know they paid taxes on it two or three years after I sold it."

This witness further testified, in substance, that he had been interested in the land in controversy; that he had been familiar with the situation with respect to said land since 1888, and that he had never heard of any party by the name of Johnson during that time asserting any title to the same; that he was familiar with the tax records; and that Johnson had not paid any taxes on the land up to 1910. There was no evidence whatever introduced to show that the conveyance or bond for title given by Johnson to Bailey, dated October 18, 1837, was forged.

[1] In view of the foregoing and other evidence in the record, the great length of time that has elapsed since the date and registration of the bond for title under which the appellees claim, the presumption that may be indulged that all of the subscribing witnesses thereto are dead, and the probability that said instrument may have been destroyed by fire in the destruction of the records of Limestone county in 1871, etc., we are not prepared to say the material findings of the trial court complained of in the assignment of error under consideration is without evidence to support them.

[2] The question of whether or not the record of Freestone county of the certified copy of the bond for title in question was taken from the record of Limestone county is not raised, and we are not called upon to pass upon that question. If any objection was made to the introduction of that record, it is not shown, as has been stated, in any way by the transcript or statement of facts sent to this court. On the contrary, its admission as a circumstance to show the execution of said bond for title appears to have been acquiesced in by the appellants. The contention of appellants therefore, in the assignment under consideration, that said record of Freestone county was inadmissible and should not have been considered by the trial court for any purpose, cannot be made in this court. The record before us not only fails to show that any objection was urged to the introduction of said record of Freestone county, but it fails to disclose that proof of circumstances to establish the execution of said bond for title was objected to on the ground that no testimony had been offered to show that the original was lost and by proper search could not be found, or on any other ground.

[3] Now that the existence and execution of a deed or other instrument in writing constituting a link in the chain of one's title to

land, when such title is questioned by an adverse claimant in a suit to recover the land, may be proved by circumstances when a proper predicate is laid for such proof, is so well established that authorities in support thereof need not be cited, and where, as in the present case, the evidence of the circumstances relied on is admitted without objection that the predicate required for the admission thereof has not been laid, the rule is the same. The circumstances shown by the evidence adduced by appellees were sufficient, it occurs to us, to justify the trial court's conclusion that the bond for title in question was executed by Thomas T. Bailey at the time and as it purports to have been executed by him, and such other conclusions reached by him as were necessary to support the judgment rendered in appellees' favor.

The second assignment of error complains of the court's conclusion, as shown in the fourth paragraph of his findings of fact, that Hugh F. McKenna was the common source of appellants' and appellees' title. This assignment is well taken. The appellees failed in any manner to connect themselves with McKenna's title. Certain deeds and a judgment rendered in a suit wherein E. H. Wilson was plaintiff and T. T. Bailey was defendant were introduced by appellees for the purpose of showing common source, but they utterly failed to do so. The statement of facts does not contain a copy of the petition in said suit or otherwise show that the land in controversy was involved therein, and the judgment rendered was simply:

That "the plaintiff take nothing by said suit, and that the defendant go hence without day, and that he have and recover of the plaintiff his costs."

Neither of the deeds introduced served to connect appellees' title with appellants' title, and, of course, the judgment referred to in the state of the record before us could have no such effect.

[4] The third assignment of error is that the court erred in the following findings:

"Plaintiff having attacked by affidavit of forgery the purported conveyance from Hugh F. McKenna, under which defendants claimed, and it appearing on its face to have been acknowledged before an officer not authorized at the time to take acknowledgments, and its execution not having been proven, I find as a fact that the instrument was forged, and that plaintiffs hold a superior title under common source."

In disposing of this assignment it is sufficient to say that, appellees having failed to show common source, these findings, if erroneous, do not require a reversal of the case. The evidence being sufficient to show the execution of the conveyance or bond for title given by James F. Johnson to Thomas T. Bailey on the 18th day of October, 1837, the appellees deraigned their title from the state, and under the undisputed facts were entitled to recover the land in controversy without regard to any question of common source of title that may have been involved in the suit, and the fact that the trial court may have based the judgment rendered upon erroneous conclusions or given a wrong reason for such judgment is unimportant in disposing of the appeal. The court's third conclusion of law is:

"That under the testimony herein the plaintiffs are entitled to judgment for the land sued for."

What we have said disposes of the fourth assignment of error, charging that the court erred in concluding as a matter of law that the appellees, as holders of the superior title under a common source, are entitled to recover herein, and if it be conceded that the abstract propositions of law contended for in the fifth assignment, to the effect that a plaintiff in trespass to try title must recover on the strength of his own title, and not upon the weakness of his adversary's, and that, if he fails to show title to land sued for, of which defendants are in possession, he cannot recover, although they have no title, and that possession of land is prima facie evidence of title as against one out of possession, are correct, still under the evidence in the instant case those principles of law have not been violated by the rulings and judgment of the district court.

The assignments of error failing to disclose any error for which the judgment should be reversed, it is affirmed.